**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| Andrea Dickey, ) | C/A NO. 3:09-867-CMC-PJG |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION AND ORDER** |
| v. ) | |
| ) | |
| Carolina Children's Home, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Through this action Plaintiff, a former employee of Defendant Carolina Children's Home, seeks damages under 29 U.S.C. § 2611 *et seq.*, the Family and Medical Leave Act ("FMLA"). This matter is currently before the court on Defendant's motion for summary judgment, pursuant to Fed. R. Civ. P. 56. For the reasons stated below, the court grants summary judgment to Defendant.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On May 13, 2010, the Magistrate Judge issued a Report recommending that the court grant summary judgment to Defendant. Defendant argues that Plaintiff was laid off, not because she took FMLA leave, but because the company needed to reduce personnel costs in the human resources department after the economic downturn. The Report concluded that Plaintiff failed to proffer evidence that would rebut this claim; therefore, no reasonable jury could conclude that Plaintiff would have retained her position if she had not taken FMLA leave. *See* Report at 7. On May 27, 2010, Plaintiff filed an objection to the Report, arguing that (1) the Report fails to address Plaintiff's argument regarding the timing of her termination, and (2) the Magistrate Judge improperly applied the summary judgment standard.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has

no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of an objection, the court reviews the Report and Recommendation only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted).

## DISCUSSION

**Timing.** Plaintiff asserts that the timing of her termination, alone, constitutes a violation of the FMLA. Plaintiff objects to the Report because it does not address this argument. However, the Fourth Circuit has held that "an unqualified entitlement to restoration" under the FMLA, even when an employer has "eliminated an entire branch of the business while a covered employee was on leave," would "give employees on FMLA leave greater rights than those provided to employees not on leave" and, for that reason, would be "wholly inconsistent with the purposes and goals of the FMLA." *Yashenko v. Harrah's NC Casino Comp.*, 446 F.3d 541, 548 (4th Cir. 2006). In other words, employers are not required to reinstate employees on FMLA leave if, for reasons unrelated to their leave, their positions are no longer available when they are scheduled to return. Thus, to the extent the Report does not discuss this argument, it is a harmless omission.

**Summary Judgment Standard.** Plaintiff argues that the Report improperly applies the summary judgment standard articulated in *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S.

2

133 (2000)[1]:

> [I]n entertaining a motion for judgment as a matter of law, the court should review all of the evidence in the record. In doing so, however, the court must draw all *reasonable* inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence. Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. Thus, although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe. That is, the court should give credence to the evidence favoring the nonmovant as well as that evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses.

530 U.S. at 150-51 (emphasis added) (internal citations and quotation marks omitted). Plaintiff contends that the Magistrate Judge made credibility determinations, weighed evidence, and drew inferences, in contravention of this rule. Dkt. No. 23 at 4.

The *Reeves* Court clarifies, however, that "there will be instances where, although the plaintiff has established a prima facie case and set forth sufficient evidence to reject the defendant's explanation, no rational factfinder could conclude that the action was discriminatory." 530 U.S. at 148. The Court notes, for example, that

> an employer would be entitled to judgment as a matter of law *if the record conclusively revealed some other, nondiscriminatory reason for the employer's decision*, or *if the plaintiff created only a weak issue of fact* as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred.

*Id.* (emphases added).

The record contains undisputed evidence that Defendant's financial position, not Plaintiff's

---

[1] Although *Reeves* is a Title VII employment discrimination case, its summary judgment standard is applicable to this case because "FMLA claims arising under the retaliation theory are analogous to those derived under Title VII and so are analyzed under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*." *Yashenko*, 446 F.3d at 550-551 (citations omitted); *see also Nichols v. Ashland Hosp. Corp.*, 251 F.3d 496, 502 (4th Cir. 2001).

FMLA leave, was the reason for her termination. *See, e.g.*, Dkt. No. 19-3 at 2-3 (Lorrie Schmitt Aff. ¶¶ 2-4, 6); Dkt. No. 19-4 at 4-5 (Keith Jones Aff. ¶¶ 4-6). Plaintiff does not challenge the veracity of this evidence. Indeed, Plaintiff acknowledges that Defendant's financial position in 2008 necessitated a reduction or restructuring of the company's workforce. Dkt. No. 23 at 3 ("Plaintiff does not contest the economic circumstances that caused Defendant to reduce and/or restructure its workforce"); Dkt. No. 20 at 5 ("Plaintiff does not contest that Defendant, like most other business entities during 2008, suffered financial difficulties."). However, Plaintiff asserts that her own termination is not attributable to this restructuring, but rather, to her FMLA leave. She points to several circumstances in support of her position, but none of them create a genuine issue of material fact as to the reason for Plaintiff's termination. *See* Report at 6-8 (describing Plaintiff's assertions and explaining why the proffered evidence does not support them). Plaintiff has, at most, established only a weak issue of fact regarding her former employer's motives in terminating her employment. Per *Reeves*, a weak issue of fact does not prevent the court from granting judgment as a matter of law in favor of Defendant.

In conclusion, the court agrees with the reasoning and recommendation of the Report. Accordingly, the court adopts the Report in full and grants summary judgment to Defendant Carolina Children's Home.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
June 21, 2010